**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

T.C. and J.C., through their next friend,
S.C.,

        Plaintiffs,

vs.                                              Case No. 3:05-cv-439-J-32HTS

ROBERT MILNER, in his capacity as
Sheriff of Bradford County,

        Defendant.

## **TEMPORARY RESTRAINING ORDER**

Plaintiffs T.C. and J.C. are minor children of Vibol Hang, a federal pre-trial detainee in the Bradford County Jail. (Doc. 9 ¶1.) On May 13, 2005, they filed a verified complaint against defendant Robert Milner, Sheriff of Bradford County, alleging that Bradford County Jail's policy of prohibiting any inmate visitation by children under 18-years-old violates the children's right to freedom of association with their father. (Doc. 9 ¶¶19-22.) On the same day, they filed a preliminary injunction motion, asking the Court enjoin defendant from enforcing the policy until a final disposition of the action. (Doc. 2.) On May 17, 2005, the Court set a hearing on the motion for May 27, 2005, ordered defendant to file any responsive brief and opposing affidavits by May 26, 2005, and ordered plaintiffs to immediately serve defendant with the verified complaint, the motion, and the

Order. (Doc. 6.) On May 18, 2005, plaintiffs filed an affidavit testifying to service of those papers and a return of service of summons. (Doc. 7.)[1] Despite service, defendant has not filed any response to the complaint or motion for preliminary injunction, did not attend the hearing, and has not otherwise made an appearance or indicated an intent to defend the action. The Court reluctantly proceeded with the scheduled hearing on May 27, 2005 with only plaintiffs' counsel present. (Doc. 12.)

Based on the allegations of the verified amended complaint and for the reasons stated at the hearing, the transcript of which is incorporated herein, the Court finds that a temporary restraining order is warranted in that the four prerequisites for a temporary restraining order have been met.[2] See Local Rule 4.05. In issuing a temporary restraining order, the Court understands that defendant has not yet been heard on the issues and emphasizes that it is not making a final decision on plaintiffs' request for a preliminary injunction or the ultimate merits of the action.

It is hereby **ORDERED**:

---

[1] On May 26, 2005, plaintiffs filed a motion to certify a class of plaintiffs purportedly similar to the named plaintiffs (Doc. 10) and an amended complaint to add allegations relating to a class (Doc. 11).

[2] The Court decided to issue a temporary restraining order instead of a preliminary injunction to give defendant another opportunity to be heard before making a final decision on the merits of the preliminary injunction.

2

1.     Plaintiffs' Motion for Preliminary Injunction (Doc. 2), deemed to be a motion for temporary restraining order, is **GRANTED IN PART** as stated herein.

2.     Pending further Order of the Court, defendant Robert Milner, in his official capacity as Sheriff of Bradford County, and any of his agents, servants, and employees, are ordered to refrain from enforcing Bradford County Sheriff's Office Policy and Procedure No. 60.02, section F, subsection 4, pertaining to inmate visitation at the Bradford County Jail by children under 18-years-old, with respect to Vibol Hang and visitation of him by T.C. and J.C.  This temporary restraining order does not prohibit enforcement of Bradford County Sheriff's Office Policy and Procedure No. 60:02, section F, subsection 4, against children of other inmates; does not prohibit enforcement of Bradford County Sheriff's Office Policy and Procedure No. 60:02, section F, subsection 4 against Vibol Hang with respect to children under 18-years-old other than T.C. and J.C.; and does not prohibit enforcement of any other sections or subsections of Bradford County Sheriff's Office Policy and Procedure against Vibol Hang, T.C., or J.C.

3.     The Court has determined that neither costs nor damages will be incurred by defendant during this temporary restraining order and plaintiffs therefore are not required to post a security bond under Federal Rule of Civil Procedure 65(c).

4.     An evidentiary hearing to determine whether to convert this temporary

restraining order into a preliminary injunction is set for **June 14, 2005 at 2:00 p.m.** before the undersigned in Courtroom 10B, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida.[3]  Each side will have one hour to present argument, introduce exhibits (including affidavits), and, if deemed necessary, present live testimony.  If either party needs more time to adequately prepare for the hearing, or if either party wants the motion heard sooner, the Court will entertain a motion to reschedule.

     5.     Defendant is permitted to file a memorandum concerning his position on the motion for preliminary injunction no later than **June 10, 2005 at 5:00 p.m.** with a courtesy copy to chambers.  Either party may file relevant exhibits or affidavits before the hearing, with admissibility and relevancy to be determined at the hearing.  See Local Rule 4.06.

     6.     Plaintiffs shall forthwith effectuate service of this temporary restraining order on defendant and shall file an affidavit testifying to service.

---

   [3]   The parties are advised that photo identification must be presented to court security officers upon request when entering the building.  Also, cell phones and laptop computers are not permitted in the courthouse.  The Court will waive this requirement for the attorneys only and permit attorneys to bring cellphones and laptops to the hearing by showing a copy of this Order to the court security officers.

**DONE AND ORDERED** at Jacksonville, Florida, on May 27, 2005, at 3:40 p.m.

_____
TIMOTHY J. CORRIGAN
United States District Judge

p.
Copies to counsel of record