**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

T.C. and J.C., through their next friend,
S.C.,

        Plaintiffs,

vs.                                    Case No. 3:05-cv-439-J-32HTS

ROBERT MILNER, in his capacity as
Sheriff of Bradford County,

        Defendant.

## **ORDER**

Before the Court is Plaintiffs' Motion for Preliminary Injunction and Memorandum of Law in Support Thereof (Doc. 2, 8), Defendant's Memorandum of Law in Response to Plaintiffs' Motion for a Preliminary Injunction (Doc. 16-1), and Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion for Preliminary Injunction (Doc. 19). The Court held a hearing on the preliminary injunction motion on June 14, 2005, at which counsel for both parties presented evidence and argument in support of their respective positions.[1]

Plaintiffs T.C. and J.C. are minor children of Vibol Hang, an inmate in the

---

[1] The Court incorporates the hearing transcripts (Doc. 22) into this Order.

Bradford County Jail awaiting sentencing on a federal charge.[2]  (Doc. 11-1 ¶1.) On May 13, 2005, plaintiffs filed a verified complaint against defendant Robert Milner, Sheriff of Bradford County, alleging that Bradford County Jail's policy of prohibiting any inmate visitation by minors under 18-years-old violates plaintiffs' state and federal rights to freedom of association with their father.[3]  (Doc. 11-1 ¶¶19-22.)  Through their motion for preliminary injunction, they seek an order prohibiting defendant from enforcing this policy pending final disposition of the case.

In support of the motion for preliminary injunction, plaintiffs submitted: (1) the challenged policy and written procedures related thereto; (2) an affidavit of their mother testifying to their visitation with Mr. Hang following the entry of the Temporary Restraining Order in this case; (3) a visitor's log confirming such visitation; (4) an affidavit of a paralegal testifying that her recent telephone survey showed that only three of thirty-three county jails in the Middle District of Florida have a complete ban on inmate visitation by minors; and (4) testimony of a retired

---

[2]  At the time plaintiffs filed their first verified complaint, Mr. Hang was a pre-trial detainee who had entered a plea of "not guilty" to his federal charge.  Mr. Hang recently changed his plea to "guilty" and now awaits an August 2005 sentencing.  The parties have not addressed whether and how Mr. Hang's change of status, from accused to convicted, affects the issues raised in this case.

[3]  Plaintiffs since have filed an amended complaint to include class action allegations (Doc. 11) and a motion to file a second amended complaint to add another defendant and claim for interference with access to courts (Doc. 24-1).

2

jail administrator relating his many years of positive experience with inmate visitation by minors in Duval County's detention facilities and discounting any security or other concerns with such visitation.

In opposition to the motion for preliminary injunction, defendant submitted: (1) a layout of the Bradford County jail showing the inmate visitation area relative to booking, waiting, and other areas; (2) photographs of the inmate visitation area showing a cement room with eight visitation stations separated from each other by small partitions, with each station having a backless stool facing a Plexiglas barrier and a telephone for visitor communication with inmates on the other side; (3) blank visitation logs showing separate periods for female, minimum security, and maximum security inmate visitation; and (4) an incident report showing that plaintiffs' mother has been banned from visitation for untoward conduct during her last visit with Mr. Hang.  Defendant also submitted two affidavits, one from the jail administrator and one from the jail operations manager.  The jail administrator testified that minors are not allowed to visit inmates because: (1) the visitation area is small and not conducive to the presence of minors; (2) minors are more likely than adults to cause noise disruption that could interfere with adult-to-adult visitations and divert correctional officers from their ordinary security duties; (3) the stools in the visitation areas are of such a height and design as to pose a danger to minors; (4) minors are more likely than adults to present sanitary concerns (e.g.,

3

soiled diapers and vomit) that could divert correctional officers from their ordinary security duties; and (5) visitation could place minors within sight and sound of inmate sex offenders.  Both the jail administrator and the jail operations manager opine that allowing inmate visitation by minors:

> would create logistical and staffing problems for the Jail that would impair the safe and secure operation of the Jail for staff and inmates alike, likely disrupt the visitation being engaged in by other persons and create the potential harm to the minor children either as a result of physical injury or exposure to persons arrested for violent crimes or sex based offenses.

(Doc. 16, Att. 7, ¶ 8; Doc. 16, Att. 8, ¶16.)

A preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion" on the following four elements: (1) the movant has a substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the threatened injury to the movant outweighs whatever damage the injunction will cause the non-movant; and (4) the injunction, if issued, would not be adverse to the public interest.  Bankwest, Inc. v. Baker, No. 04-12420, 2005 WL 1367795, at *6 n.19 (11th Cir. June 10, 2005)(quotations omitted).  Given the movant's difficult burden, a preliminary injunction "is the exception rather than the rule." Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003)(quotations omitted).

This already difficult burden faced by plaintiffs is made even more so by the

fact that they are seeking relief that would change the status quo at Bradford County Jail, from enforcement of an established policy of prohibiting inmate visitation by minors to allowance of such visitation. Since the "[m]aintenance of the status quo is the primary purpose of preliminary injunctive relief," Cate v. Oldham, 707 F.2d 1176, 1185 (11th Cir. 1983), preliminary injunctive relief that will do the opposite is particularly disfavored. See Martinez v. Mathews, 544 F.2d 1233, 1243 (5th Cir. 1976)("Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party."); see also Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001); Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). This disfavor takes on added weight when the change in status quo occurs in a jail or prison setting. See Fisher v. Goord, 981 F.Supp. 140, 167 (W.D.N.Y. 1997)("In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons.")(citing Farmer v. Brennan, 511 U.S. 825, 846-47 (1994)); see also Streeter v. Hopper, 618 F.2d 1178, 1181 (5th Cir.1980) ("Courts should proceed cautiously in cases of this kind, to prevent courtroom magnification of the general dangers inherent in prison life from precipitating unnecessary judicial interference in the operation of state prisons.").

Against this understanding of the difficulties plaintiffs face in obtaining the

preliminary injunctive relief they seek, the Court turns to the issue of whether they have satisfied their burden of persuasion as to the first element of substantial likelihood of success.  Certainly, plaintiffs present a significant issue of law; that is, whether a pre-trial detainee has a state or federal constitutional right to visitation by his children;[4] and a significant issue of fact; that is, assuming such a right, whether a balancing of the factors articulated in Turner v. Safley, 482 U.S. 78, 89-91 (1987), and reaffirmed in Overton v. Bazzetta, 539 U.S. 126, 131 (2003), favors plaintiffs under the unique facts of this case.  While not predicting the ultimate outcome, the Court finds that plaintiffs have not carried their burden of persuasion that they are substantially likely to succeed on the merits of both issues.  Indeed, the second issue is fact intensive, yet plaintiffs did not offer any facts specific to Bradford County Jail beyond introduction of the challenged policy and written

---

[4]     In Overton v. Bazzetta, 539 U.S. 126, 131 (2003), the Supreme Court explicitly declined to decide whether any right to maintain familial relationships survives incarceration, but cast some doubt on such survival by noting: "The very object of imprisonment is confinement.  Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner.  An inmate does not retain rights inconsistent with proper incarceration. ...  And, as our cases have established, freedom of association is among the rights least compatible with incarceration."  Both parties argued at the hearing that a former Fifth Circuit case, Jones v. Diamond, 636 F.2d 1364 (5th Cir. Jan. 29, 1981), supports their respective positions as to whether pre-trial detainees have a constitutional right to visitation with their children.  Jones indicated in a footnote that "pretrial detainees must be allowed reasonable visitation privileges and this right may not arbitrarily be restricted," id. at 1377 n.12, then went on to explain, citing Bell v. Wolfish, 441 U.S. 520, 535 (1979), that pretrial detainees could be denied contact visitation for legitimate security reasons, id. at 1377.

procedures related thereto.  At most, they offered evidence establishing that inmate visitation by minors may be feasible at, and even preferred by, some local jails.  This is not enough.

Concluding that plaintiffs have not met their burden of persuasion as to the element of substantial likelihood of success, the Court need not discuss the remaining elements.  <u>Natural Resources Defense Council Inc. v. United States Army Corp. of Eng'rs.</u>, No. 99CV2899, 2001 WL 1491580, at *10 (S.D. Fla. June 28, 2001)("Upon the plaintiff's failure to meet its burden of establishing one of the four required elements, the Court need not review the remaining components of the test.")(citing <u>Lucero v. Operation Rescue</u>, 954 F.2d 624, 627 (11th Cir. 1992)).  The Court emphasizes that this conclusion is merely preliminary and does not reflect any decision on the ultimate outcome of the issues.  Such a decision will await either a ruling on defendant's pending motion to dismiss or for summary judgment, or a more complete record as to all of the <u>Turner</u> factors that would result from discovery and introduction of any additional expert testimony.

It is hereby **ORDERED:**

1. Plaintiff's Unopposed Motion for Leave to File Reply to Defendant's Memorandum of Law in Response to Plaintiff's Motion for a Preliminary Injunction (Doc. 18) is **GRANTED.**

2. Plaintiffs' Motion for Preliminary Injunction (Doc. 2) is **DENIED**.

3. The Temporary Restraining Order, entered on May 27, 2005, is **DISSOLVED.**[5]

4. Given defendant's pending motion to dismiss or for summary judgment and plaintiff's pending motion to file a second amended complaint, the parties do not have to file a case management report at this time.

**DONE AND ORDERED** at Jacksonville, Florida, on July 6, 2005.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

p.
Copies to counsel of record

---

[5] Although dissolving the Temporary Restraining Order will mean that defendant can resume enforcement of the visitation policy as to plaintiffs, the Court has expedited Mr. Hang's sentencing date so that he soon will be transferred to the custody of the federal Bureau of Prisons, which may well have more permissive visitation policies.