**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

T.C. and J.C., through their next friend,
S.C.,

      Plaintiffs,

vs.                                                Case No. 3:05-cv-439-J-32HTS

ROBERT MILNER, in his capacity as
Sheriff of Bradford County, and J.T. RUBY,
individually,

      Defendants.

## ORDER

Plaintiffs T.C. and J.C., minor children of a former federal pre-trial detainee at the Bradford County Jail, filed this putative class action to challenge Bradford County Jail's policy of prohibiting inmate visitation by individuals under 18-years-old. (Doc. 1.) Defendant Robert Milner, Sheriff of Bradford County, now seeks to dismiss the second amended complaint or summary judgment in his favor. (Docs. 30, 31.)

In the July 6, 2005 order on plaintiffs' motion for preliminary injunction (Doc. 25), the Court recognized that, through this action, plaintiffs present a significant legal issue; that is, whether a pre-trial detainee has a state or federal constitutional right to visitation by his children; and a significant factual issue; that is, assuming

such a right, whether a balancing of the factors articulated in Turner v. Safley, 482 U.S. 78, 89-91 (1987), and reaffirmed in Overton v. Bazzetta, 539 U.S. 126, 131 (2003), favors plaintiffs under the unique facts of this case.  As insinuated at the hearing on the preliminary injunction motion, the Court believes that some discovery on the latter factual issue is appropriate before considering ruling on the former legal issue (and other legal issues raised by Sheriff Milner).[1]  After all, the factual issue may be dispositive and thereby avoid ruling on the legal issue which would call for a constitutional interpretation that the Supreme Court has not yet answered.  See id. (declining to decide legal issue since factual issue was dispositive).  The parties indicated in their joint case management report that they intend to serve requests for admission, interrogatories, and requests for production, and take depositions during a discovery period requested to be completed by March 31, 2006.  (Doc. 32.)  Dispositive motions should await the close of this discovery. Accordingly, it is hereby **ORDERED:**

    1.    Defendant Milner's Motion to Dismiss Second Amended Complaint/Motion for Summary Judgment (Docs. 30, 31) is **DENIED WITHOUT**

---

[1] At the hearing on the preliminary injunction motion, the Court asked counsel for Sheriff Milner what he would do if the preliminary injunction was denied on the basis that the factual record had not been developed fully. Counsel for Sheriff Milner indicated that, at the very least, he would want to obtain an expert witness to counter plaintiffs' expert witness and to research how and why similar facilities permit inmate visitation by minors. (Rough transcripts from June 14, 2005 hearing at pp. 68-70.)

**PREJUDICE**.  Defendants shall file an answer to the Second Amended Verified Complaint on or before **October 14, 2005**.

    2.    A case management and scheduling order will be forthcoming.

**DONE AND ORDERED** at Jacksonville, Florida, on September 22, 2005.

                                         TIMOTHY J. CORRIGAN
                                         United States District Judge

p.
Copies to counsel of record